ON APPLICATION FOR REHEARING.
In briefs filed incident to the application for rehearing it has been made to appear there are a large number of reorganization proceedings pending, which proceedings were instituted under Act No. 32, Pub. Acts 1933, as amended; and further that the portion of our opinion in the instant case hereinafter quoted has given rise to uncertainty as to final disposition of the assets of a reorganized bank in excess of the amount required for payment of creditors. Our attention is called particularly to the following portion of our opinion in the instant case: "The stockholders of the bank, whether their stock was cancelled in these reorganization proceedings or not, would be entitled to the remaining assets, after payment in full of the creditors' claims, even though such rights had not been stipulated in court or expressed in the plan approved by the court." See ante, 341. The quoted sentence in no way militates against the soundness of the decision rendered in the instant case, and should be read as applicable only to the facts of the instant case.
In so far as other pending proceedings are concerned, disposition of assets in excess of those requisite to satisfy the claims of creditors must be made in the light of facts presented in each of such cases. That is true because the statute above cited vests a very large measure of discretion in the commissioner of the State banking department as to proposed plans for reorganization or liquidation of banks and trust companies; and the statute provides for a hearing on the part of all creditors and stockholders. At such hearing the proposed plan of reorganization may be adopted, modified or rejected. The final test is that the court before which the proceeding is pending may order the stockholders and depositors to accept and abide by any such plan of reorganization which "shall be fair and equitable under all the circumstances of the case."* *Page 343 
The plan adopted in any of the other numerous pending proceedings for reorganization or liquidation of a bank or trust company may or may not be so similar to that adopted in the instant case as to be controlled thereby. It would be ill-advised for this Court without having before it the plan adopted in any specific case to attempt herein to announce a universal rule covering disposition of the assets of a reorganized bank in excess of those requisite to satisfy the claims of creditors. The application for rehearing is denied.
SHARPE, C.J., and BUSHNELL, BOYLES, CHANDLER, NORTH, McALLISTER, WIEST, and BUTZEL, JJ., concurred.
* Act No. 32, § 7, Pub. Acts 1933, as amended by Act No. 95, Pub. Acts 1932 (Comp. Laws Supp. 1940, § 12077-71, Stat. Ann. § 23.97). — REPORTER.